FILED
CLERK, U.S. DISTRICT COURT
5/31/2023
CENTRAL DISTRICT OF CALIFORNIA
BY: ___CD___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2022 Grand Jury

| UNITED STATES OF AMERICA, | CR 2:23-cr-00269-SB |
|---|---|
| Plaintiff, | I N D I C T M E N T |
| v. | [18 U.S.C. § 371: Conspiracy; 18 U.S.C. § 922(a)(1)(A): Engaging in the Business of Dealing in Firearms Without a License; 26 U.S.C. § 5861(d): Possession of an Unregistered Firearm; 26 U.S.C. § 5861(i): Possession of a Firearm not Identified by Serial Number; 18 U.S.C. § 922(g)(1): Felon in Possession of Firearms and Ammunition; 21 U.S.C. §§ 841(a)(1),(b)(1)(B)(ii): Distribution of Cocaine; 18 U.S.C. § 1956(a)(3)(B): Laundering Property Represented to be Proceeds of Unlawful Activity; 18 U.S.C. § 924, 28 U.S.C. § 2461(c), 26 U.S.C. § 5872, 21 U.S.C. § 853, 18 U.S.C. § 982: Criminal Forfeiture] |
| YUH PYNG JOU, aka "Debby," and JIMMY SU, | |
| Defendants. | |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 371]

[ALL DEFENDANTS]

A. <u>INTRODUCTORY ALLEGATION</u>

At times relevant to this Indictment, defendants YUH PYNG JOU, also known as "Debby," and JIMMY SU did not have a federal firearms license issued by the United States Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), and thus were not licensed to import, manufacture, or deal in firearms.

B. <u>OBJECT OF THE CONSPIRACY</u>

Beginning on an unknown date, but no later than on or about January 20, 2023, and continuing to on or about April 25, 2023, in Los Angeles County, within the Central District of California, defendants JOU and SU conspired with others known and unknown to the Grand Jury to engage in the business of dealing in firearms without a license, in violation of Title 18, United States Code, Section 922(a)(1)(A).

C. <u>MANNER AND MEANS OF THE CONSPIRACY</u>

The object of the conspiracy was to be accomplished, in substance, as follows:

1. Defendants JOU and SU would offer to sell firearms to customers in Los Angeles and would coordinate the date, time, and location of the firearms sale.

2. Defendant SU would transport firearms to defendant JOU to sell to the customers.

3. Defendants JOU and SU would sell firearms to customers.

D.  OVERT ACTS

On or about the following dates, in furtherance of the conspiracy and to accomplish its object, defendants JOU and SU, and others known and unknown to the Grand Jury, committed various overt acts within the Central District of California, and elsewhere, including, but not limited to, the following:

**January 20, 2023: Sale of a Firearm**

Overt Act No. 1: On January 20, 2023, during an in-person meeting, defendant JOU told a person who she believed to be a firearms customer, but who was actually an undercover ATF Agent (the "UC"), that she had firearms for sale.

Overt Act No. 2: On January 20, 2023, defendant SU drove a privately manufactured, 9mm pistol bearing no serial number (commonly referred to as a "ghost gun") in a 2016 Ford Flex to defendant JOU's offices at 400 E. Live Oak Ave in Arcadia, California and delivered it to defendant JOU for further sale.

Overt Act No. 3: On January 20, 2023, defendant JOU sold an undercover ATF agent the ghost gun for $1,300.

**February 28, 2023: Sale of a Firearm**

Overt Act No. 4: On February 27, 2023, in text messages and a phone call, defendant JOU told the UC that she had a firearm for sale and arranged to meet in defendant JOU's office the following day.

Overt Act No. 5: On February 28, 2023, during a meeting with the UC, defendant SU brought a Smith & Wesson model SW9VE, 9mm caliber pistol, bearing serial number PBC4767, into defendant JOU's office and described its ammunition and uses to the UC.

Overt Act No. 6: On February 28, 2023, defendants JOU and SU sold the UC a Smith & Wesson model SW9VE, 9mm caliber pistol, bearing

1  serial number PBC4767, and four boxes of assorted nine-millimeter
2  ammunition, for $2,800.
3  **April 10, 2023: Sale of Three Firearms**
4  <u>Overt Act No. 7:</u> On April 7, 2023, in text messages, defendant
5  JOU told the UC that she had multiple firearms for sale and made
6  arrangements to meet at defendant JOU's office on April 10, 2023.
7  <u>Overt Act No. 8:</u> On April 10, 2023, during the meeting between
8  defendant JOU and the UC, defendant SU brought three firearms into
9  defendant JOU's office to sell, namely, a privately made .22 caliber
10 pistol (commonly referred to as a "ghost gun"), bearing no serial
11 number, a Ruger .22 caliber pistol, bearing serial number 10-94631,
12 and an Intratec .22 caliber pistol, bearing serial number 087474.
13 <u>Overt Act No. 9:</u> On April 10, 2023, defendant JOU sold the
14 undercover agent the three firearms described in Overt Act No. 8, for
15 $6,000.
16 <u>Overt Act No. 10:</u> On April 10, 2023, defendant SU told the UC
17 that he had a silencer for sale but needed to retrieve it from
18 another location and would provide it at a later date.
19 **April 25, 2023: Sale of a Firearm and a Silencer**
20 <u>Overt Act No. 11:</u> On April 25, 2023, during a text message
21 conversation, defendant JOU confirmed to the UC that she had
22 silencers for sale and arranged to meet the UC at defendant JOU's
23 offices later that day.
24 <u>Overt Act No. 12:</u> On April 25, 2023, defendant SU gave the
25 firearm silencer to defendant JOU at defendant JOU's office for
26 further sale to the UC.
27 <u>Overt Act No. 13:</u> On April 25, 2023, defendant JOU sold the UC a
28 firearm silencer, a Llama Gabilondo y Cia, .45 caliber pistol,

4

bearing serial number A01095, and four rounds of .45 caliber ammunition, for $3,000.

COUNT TWO

[18 U.S.C. §§ 922(a)(1)(A), 2(a)]

[ALL DEFENDANTS]

Beginning on an unknown date, but no later than on or about January 20, 2023, and continuing to on or about April 25, 2023, in Los Angeles County, within the Central District of California, defendants YUH PYNG JOU, also known as "Debby," and JIMMY SU, not being licensed importers, manufacturers, or dealers of firearms, each aiding and abetting the other, willfully engaged in the business of dealing in firearms, specifically, the sales of the following firearms, on or about the following dates:

| **DATE** | **FIREARM(S)** |
| --- | --- |
| January 20, 2023 | a privately manufactured, 9 mm pistol, bearing no serial number (commonly referred to as a "ghost gun") |
| February 28, 2023 | a Smith & Wesson model SW9VE, 9mm caliber pistol, bearing serial number PBC4767 |
| April 10, 2023 | (1) a Ruger, model Standard, .22 caliber pistol, bearing serial number 10-94631; (2) an Intratec, model TEC22, .22 caliber pistol, bearing serial number 087474; and (3) a privately manufactured, .22 caliber pistol, bearing no serial number |
| April 25, 2023 | (1) a Llama Gabilondo y Cia, .45 caliber pistol, bearing serial number A01095 |

COUNT THREE

[26 U.S.C. § 5861(d); 18 U.S.C. § 2(a)]

[ALL DEFENDANTS]

On or about April 25, 2023, in Los Angeles County, within the Central District of California, defendants YUH PYNG JOU, also known as "Debby," and JIMMY SU, each aiding and abetting the other, knowingly possessed a firearm, namely, a firearm silencer, as defined in Title 26, United States Code, Sections 5845(a)(7), and Title 18, United States Code, Section 921(a)(25), which had not been registered to defendants JOU or SU in the National Firearms Registration and Transfer Record, as required by Title 26, United States Code, Chapter 53.

COUNT FOUR

[26 U.S.C. § 5861(i); 18 U.S.C. § 2(a)]

[ALL DEFENDANTS]

On or about April 25, 2023, in Los Angeles County, within the Central District of California, defendants YUH PYNG JOU, also known as "Debby," and JIMMY SU, each aiding and abetting the other, knowingly possessed a firearm, namely, a firearm silencer, as defined in Title 26, United States Code, Sections 5845(a)(7), and Title 18, United States Code, Section 921(a)(25), which did not bear a serial number or other identification required by Title 26, United States Code, Chapter 53.

COUNTS FIVE THROUGH SEVEN

[18 U.S.C. § 922(g)(1)]

[DEFENDANT SU]

On or about the following dates, in Los Angeles County, within the Central District of California, defendant JIMMY SU knowingly possessed the following firearms and ammunition, each in and affecting interstate and foreign commerce, knowing that he had previously been convicted of a felony crime punishable by a term of imprisonment exceeding one year, namely, Assault with a Firearm, in violation of California Penal Code Section 245(a)(2), in the Superior Court of the State of California, County of Los Angeles, Case No. GA033245, on or about April 8, 1998:

| COUNT | DATE | FIREARM(S) AND AMMUNITION |
|---|---|---|
| COUNT FIVE | February 28, 2023 | (1) a Smith & Wesson, model SW9VE, 9mm caliber pistol, bearing serial number PBC4767; (2) forty-nine rounds of CCI/Speer 9mm caliber ammunition; (3) fifty rounds of Barnaul Cartridge Works 9mm caliber ammunition; (4) twenty rounds of Fiocchi USA 9mm caliber ammunition; and (5) thirty-six rounds of Blazer 9mm caliber ammunition. |
| COUNT SIX | April 10, 2023 | (1) a Ruger, model Standard, .22 caliber pistol, bearing serial number 10-94631; (2) an Intratec, model TEC22, .22 caliber pistol, bearing serial number 087474; and (3) twenty-four rounds of Remington .22 caliber ammunition. |
| COUNT SEVEN | April 25, 2023 | (1) a Llama Gabilondo y Cia, .45 caliber pistol, bearing serial number A01095; and (2) four rounds of CCI/Speer.45 caliber ammunition. |

COUNT EIGHT

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii)]

[DEFENDANT JOU]

On or about December 6, 2022, in Los Angeles County, in the Central District of California, defendant YUH PYNG JOU, also known as "Debby," knowingly and intentionally distributed at least 500 grams, that is, approximately 516 grams, of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance.

COUNT NINE

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

[DEFENDANT JOU]

On or about March 24, 2023, in Los Angeles County, in the Central District of California, defendant YUH PYNG JOU, also known as "Debby," knowingly and intentionally distributed cocaine, a Schedule II narcotic drug controlled substance.

## COUNTS TEN THROUGH FIFTEEN

[18 U.S.C. § 1956(a)(3)(B)]

[DEFENDANT JOU]

On or about the following dates, in Los Angeles County, in the Central District of California, defendant YUH PYNG JOU, also known as "Debby," with the intent to conceal and disguise the nature, source, ownership, and control of property believed to be the proceeds of specified unlawful activity, that is, the felonious importation, receiving, buying, selling, and otherwise dealing in controlled substances punishable under a law of the United States ("drug trafficking"), knowingly conducted the following financial transactions affecting interstate and foreign commerce, involving property represented by a law enforcement officer and agent to be proceeds of specified unlawful activity, namely, drug trafficking:

| COUNT | DATE | TRANSACTION |
|---|---|---|
| COUNT TEN | November 17, 2022 | On November 16, 2022, defendant JOU received $20,000 in cash from an undercover agent, and on November 17, 2022, deposited $18,000 by wire transfer into an undercover account. |
| COUNT ELEVEN | December 6, 2022 | On December 5, 2022, defendant JOU received $20,000 in cash from an undercover agent, and on December 6, 2022, deposited $18,000 by wire transfer into an undercover account. |
| COUNT TWELVE | January 23, 2023 | On January 20, 2022, defendant JOU received $20,000 in cash from an undercover agent, and on January 23, 2022, deposited $18,000 by wire transfer into an undercover account. |
| COUNT THIRTEEN | February 1, 2023 | On January 31, 2022, defendant JOU received $100,000 in cash from an undercover agent, and on February 1, 2023, made two wire transfer deposits of $46,000 into two separate undercover accounts. |

| COUNT | DATE | TRANSACTION |
|---|---|---|
| COUNT FOURTEEN | February 28, 2023 | On February 23, 2023, defendant JOU received $250,00 in cash from an undercover agent, and on February 28, 2023, made two wire transfer deposits of $115,000 into two separate undercover accounts. |
| COUNT FIFTEEN | April 6, 2023 | On April 5, 2023, defendant JOU received $250,00 in cash from an undercover agent, and on April 6, 2023, made two wire transfer deposits of $115,000 into two separate undercover accounts. |

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offenses set forth in any of Counts Two or Five through Seven of this Indictment.

2. Any defendant so convicted shall forfeit to the United States of America the following:

  (a) All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

  (b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the convicted defendant shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[26 U.S.C. § 5872, and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 26, United States Code, Section 5872 and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offenses set forth in any of Counts Three or Four of this Indictment.

2. Any defendant so convicted shall forfeit to the United States of America the following:

   (a) All right, title, and interest in any firearm involved in any such offense; and

   (b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), any defendant so convicted shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION THREE

[21 U.S.C. § 853; 18 U.S.C. § 924; 28 U.S.C. § 2461(c)]

1.  Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461(c), in the event of defendant JOU's conviction of the offenses set forth in either of Counts Eight or Nine of this Indictment.

2.  The defendant, if so convicted, shall forfeit to the United States of America the following:

   (a)  All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

   (b)  All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense;

   (c)  All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

   (d)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3.  Pursuant to Title 21, United States Code, Section 853(p), the defendant, if so convicted, shall forfeit substitute property if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred,

16

sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION FOUR

[18 U.S.C. § 982]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 982(a)(1), in the event of defendant JOU's conviction of the offense, set forth in Counts Ten through Fifteen of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

    (a) Any property, real or personal, involved in any such offense, and any property traceable to such property; and

    (b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), and Title 18, United States Code, Section 982(b)(2), the defendant, if so convicted, shall forfeit substitute property, if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty. Substitution of assets shall not be ordered, however, where the convicted defendant acted merely as an intermediary who handled but did not retain the property in the

course of the money laundering offense unless the defendant, in committing the offense or offenses giving rise to the forfeiture, conducted three or more separate transactions involving a total of $100,000.00 or more in any twelve-month period.

                                    A TRUE BILL

                                        /S/
                                  Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

*[signature]*

SCOTT M. GARRINGER
Assistant United States Attorney
Deputy Chief, Criminal Division

IAN V. YANNIELLO
Assistant United States Attorney
Deputy Chief, General Crimes Section

THOMAS J. MAGAÑA
Assistant United States Attorney
General Crimes Section